UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.

JOEL MESSA,

    Plaintiff,

v.

FORD MIDWAY MALL, INC.,

    Defendant.

_____/

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

Plaintiff Joel Mesa brings this action against Ford Midway Mall, Inc. under the Consumer Leasing Act ("CLA") 15 U.S.C. § 1667 and its implementing regulations, 12 C.F.R. § 1013 *et seq.* ("Regulation M").

**JURISDICTION AND VENUE**

1. The Court has federal question jurisdiction under 28 U.S.C. § 1331 because the claim arises from the CLA, a federal statute. 15 U.S.C. § 1667d(c).

2. Venue is proper before this Court because the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

**PARTIES**

3. Plaintiff is a natural person who at all relevant times resided in Miami-

Dade County, Florida.

4. Defendant is a Florida for profit corporation with its principal place of business at 8155 West Flagler St. Miami, FL 33144.

## FACTUAL ALLEGATIONS

5. In July 2018, Defendant leased a new 2018 Ford Mustang ("Vehicle") to Plaintiff.

6. The Vehicle was leased under a Florida Moto Vehicle Lease Agreement ("Lease"). A copy of the lease is attached as Exhibit A.

7. The Lease provided Plaintiff with the option to buy the Vehicle at the end of the lease term for $17,397.65 plus official fees and taxes and reasonable documentary fee if allowed by law. *Id*. ¶ 8.

8. Defendant assigned the Lease to Ford Motor Credit Company.

9. At the end of the lease term, Plaintiff contacted Ford about the process to buy the Vehicle.

10. Ford directed Plaintiff to buy the Vehicle through Defendant.

11. In May 2022, Plaintiff visited Defendant to exercise the purchase option and buy the Vehicle.

12. To buy the Vehicle, Defendant charged Plaintiff a $1,731 "Predelivery Service Charge" and a $495.50 "Electronic Registration Filing Fee."

13. Defendant required Plaintiff to pay these fees to buy the Vehicle.

14. The above fees were not disclosed in the purchase option price in the Lease.

## COUNT I AS TO DEFENDANT'S VIOLATION OF FEDERAL CONSUMER LEASING ACT 15 U.S.C. § 1667a AND REGULATION M

15. The CLA governs the disclosures in the Lease because the lease term ran for 36 months and was for less than $58,300. 15 U.S.C. § 1667(1).

16. Plaintiff is a natural person who leased the Vehicle primarily for personal, family, and household purposes. 15 U.S.C. § 1667(1)-(2).

17. Defendant had to comply with the CLA's disclosure requirements because it was a "lessor" under the CLA.

18. Defendant is a large car dealership that has leased, offered, or arranged to lease vehicles more than five times in the preceding calendar year or more than five times in the current calendar year. 15 U.S.C. § 1667(3); Reg. M § 1013.2(h).

19. As described above, Defendant had substantial involvement in the lease transaction with Plaintiff.

20. The disclosure of the purchase option price in the Lease had to be accurate, clear, conspicuous, and complete. 12 CFR § 1013.3(a).

21. Under Regulation M, a lease must disclose whether the lessee has the option to buy the leased property at the end of the lease term. 12 CFR § 1013.4(i).

22. The Official Interpretations to 12 CFR § 1013.4(i)-5 provides:

> Lessors must disclose the purchase-option price as a sum

certain or as a sum certain to be determined at a future date by reference to a readily available independent source. The reference should provide sufficient information so that the lessee will be able to determine the actual price when the option becomes available. Statements of a purchase price as the "negotiated price" or the "fair market value" do not comply with the requirements of § 1013.4(i).

23. If the purchase option is provided for in the lease, Regulation M also requires disclosure of the taxes, fees, and other charges that must be paid to exercise the purchase option. Official Interpretations 12 CFR § 1013.4(i)-3.

24. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose that payment of the "Predelivery Service Charge" and "Electronic Registration Filing Fee" was required to exercise the purchase option and buy the Vehicle at the end of the lease.

25. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose that the purchase option price would be more than the purchase option price provided for in the Lease.

26. Defendant violated 12 CFR § 1013.3(a) because the purchase option price in the Lease was unclear, inaccurate, and incomplete.

27. These omissions were material to Plaintiff's decision to enter into the Lease, and Plaintiff detrimentally relied on these material omissions.

28. Plaintiff suffered financial loss. He paid more than what the Lease required to buy the Vehicle.

29. Had Defendant provided an accurate, complete, and clear purchase option price in the Lease, which it was required to do, Plaintiff would have negotiated better terms or declined to lease the Vehicle.

30. Defendant's illegal conduct was the actual and proximate cause of the actual damages suffered by Plaintiff.

31. Pursuant to 15 U.S.C. § 1640, Plaintiff is entitled to recover actual and statutory damages from Defendant and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff asks the Court to enter judgment against Defendant as follows:

A. Actual and Statutory Damages as provided by law;

C. Pre-judgment and post-judgment interest, as allowed by law;

D. Reasonable attorneys' fees and costs;

E. Injunctive relief requiring Defendant to honor its obligation under its Lease agreements to sell the Leased vehicles for the price identified on the Lease agreement; and

F. Such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Darren R. Newhart
Darren R. Newhart, Esq.
FL Bar No: 0115546
E-mail: darren@newhartlegal.com
NEWHART LEGAL, P.A.
14611 Southern Blvd. # 1351
Loxahatchee, FL 33470
Telephone: (561) 331-1806
Facsimile: (561) 473-2946